IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,994-01






EX PARTE DULCE MIREYA SALINAS, Applicant







ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 921323-A


 IN THE 232nd DISTRICT COURT OF HARRIS COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded nolo contendere and, after
a period of deferred adjudication community supervision, was convicted of possession of a
controlled substance. She was sentenced to six months' imprisonment in a state jail facility. 
Applicant did not appeal her conviction.

 Applicant contends that her plea was involuntary because trial counsel failed to adequately
advise her of the immigration consequences of her initial nolo contendere plea. Applicant has
alleged facts that, if true, might entitle her to relief. Strickland v. Washington, 466 U.S. 668, 687
(1984); Hernandez v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1984).

 Trial counsel submitted an affidavit to the trial court on May 3, 2011. Based at least partially
on that affidavit, the trial court signed unopposed findings of fact on May 13, 2011. Counsel
submitted a subsequent affidavit with additional information regarding Applicant's allegations, on
May 31, 2011. The record was mailed to this Court two days before the State filed its objections to
the trial court's findings, which included the second affidavit from counsel. We remand this
application to Harris County to allow the trial judge to review the supplemental affidavit filed by trial
counsel and enter supplemental findings of fact and conclusions of law that address this new
information.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court.


Filed: June 29, 2011

Do not publish